UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NELSON BIDO,                          :
            Petitioner,               :
                                      :
      v.                              :        C.A. No. 13-239ML
                                      :
A.T. WALL, Director of Rhode Island   :
Department of Corrections,            :
            Respondent.               :

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

      Petitioner Nelson Bido, a state prisoner held at the Adult Correctional Institutions in

Cranston, Rhode Island, has filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

by a Person in State Custody.  This is the second § 2254 petition that Bido has filed in this Court.

The State of Rhode Island responded to the petition with a motion to dismiss, which has been

referred to me for preliminary review, findings and recommended disposition pursuant to 28

U.S.C. § 636(b)(1)(B).  For the reasons that follow, I recommend that the State's motion to

dismiss be granted.[1]

I.      **FACTUAL BACKGROUND AND CASE TRAVEL**

      On May 26, 2006, Bido was convicted in Providence County Superior Court of aiding

and abetting murder and conspiracy to commit robbery.  The underlying murder and robbery had

occurred fifteen years before, on April 15, 1991; Bido had been indicted on the charges on July

2, 1992, more than thirteen years before his trial.  At trial, the evidence linking Bido to the

---

[1] Because the facts concerning the prior petition and the timing of the filing of this petition are not disputed, I have determined that no hearing is necessary.  See Pike v. Guarino, 492 F.3d 61, 70 (1st Cir. 2007) (federal evidentiary hearings in 2254 cases "ought to be the exception, not the rule") (citing Townsend v. Sain, 372 U.S. 293, 314 (1963)).

robbery and murder was substantial.  Bido v. Wall, C.A. 08-399-ML, slip op. at 11 (D.R.I. Apr. 30, 2009) ("evidence of Bido's guilt at trial was strong, if not overwhelming").

Bido filed a timely appeal to the Rhode Island Supreme Court, raising three claims: (i) that the trial judge erred in failing to interpret remarks made at the commencement of the trial as a motion to dismiss for lack of a speedy trial and in failing to grant the motion; (ii) that the trial judge erred in denying two defense motions for continuance (a *pro se* motion to continue to permit Bido to get new counsel and a motion of counsel to continue to allow investigation of information disclosed on the eve of trial); and (iii) that the trial judge erred in denying his motion to suppress his statement to the New York police.  All three were rejected – on January 7, 2008, the Rhode Island Supreme Court affirmed Bido's conviction.  State v. Bido, 941 A.2d 822, 837 (R.I. 2008).  The speedy trial claim was rejected because the Rhode Island Supreme Court found that Bido's remarks did not constitute a rational and recognizable presentation of the speedy trial argument, so that Rhode Island's raise-or-waive rule precluded consideration of the speedy trial issue on appeal.  Id. at 828-30.  The time for requesting a writ of certiorari elapsed on April 7, 2008, and Bido's state court conviction became final.

Instead of initiating state post-conviction proceedings, on October 23, 2008, Bido opted to file his first habeas petition in this Court.  The first petition alleged three claims.  One of the claims, based on the denial of his rights under Speedy Trial Act, was fully exhausted because it had been presented to the Rhode Island Supreme Court.  However, the other two – one based on ineffective assistance of counsel arising from his lawyer's failure to present the speedy trial issue and the other based on a violation of the Interstate Agreement on Detainers – had not been presented to the Rhode Island Supreme Court and were not exhausted.  This Court immediately flagged the dilemma for petitioner arising from such a "mixed" petition.  Bido v. Wall, No. CA

08-399 ML, 2008 WL 4960197, at *1-2 (D.R.I. Nov. 18, 2008) (citing Rose v. Lundy, 455 U.S.

509, 510 (1982)).  Bido was given the choice of either amending his petition to delete the

unexhausted claims or of accepting dismissal of the petition without prejudice to his right to

refile it after exhausting his unexhausted claims by the pursuit of post-conviction relief in the

state court.  Id. at *2.

Bido requested that his unexhausted claims be deleted so that his exhausted claim – the

lack of a speedy trial – could proceed to consideration on the merits, which motion was granted.

Bido v. Wall, No. C.A. 08-399ML, 2009 WL 464336, at *1-2 (D.R.I. Feb. 24, 2009).  Chief

Judge Lisi considered what remained in the petition and, on April 30, 2009, concluded that the

Rhode Island Supreme Court's invocation of its procedural raise-or-waive rule was adequately

supported in its decision and that the procedural rule appeared to have been consistently applied

under Rhode Island law.  Accordingly, the Court dismissed the petition because the procedural

default, unjustified by either cause or prejudice, precluded this Court from consideration of the

merits of the speedy trial claim.  Bido v. Wall, C.A. 08-399-ML, slip op. at 11-12 (citing

McCambridge v. Hall, 303 F.3d 24, 34 (1st Cir. 2002)).  On August 10, 2009, the First Circuit

affirmed, and Bido's appeal was terminated.  Bido v. Wall, No. 09-1725 (1st Cir. August 10,

2009) (Judgment).

Bido immediately shifted gears back to the state – on August 12, 2009, he filed a post-

conviction relief petition under R.I. Gen. Laws § 10-9.1-1, asserting the ineffective assistance of

counsel claim that he had deleted from his first federal habeas petition.[2]  The Superior Court held

---

[2] In addition to ineffective assistance of counsel, Bido's state post-conviction petition contained four other grounds
for relief, including the lack of a speedy trial, faults in the extradition process, an unconstitutional search and
coercion to compel the key witness to testify.  Once he engaged counsel to assist with his petition, these additional
claims were not pressed; only the argument that his speedy trial right was lost due to ineffective assistance of
counsel was briefed and argued.  The Rhode Island Supreme Court held that the other claims were waived.  State v.
Bido, 56 A.3d 104, 107 n.2 (R.I. 2012).

a full evidentiary hearing, rejected the substantive speedy trial claim on the merits, and denied

the application, reasoning that the lack of merit of the speedy trial claim compelled the

conclusion that counsel's failure to raise it was not constitutionally deficient.  Bido v. State, 56

A.3d 104, 107, 116-17 (R.I. 2012).  In a thoughtful and thorough opinion issued on December

10, 2012, that carefully analyzes each of the speedy trial factors established in Barker v. Wingo,

407 U.S. 514, 530 (1972), the Rhode Island Supreme Court affirmed, holding that, while the

length of the delay was presumptively prejudicial, and the State bore some responsibility for not

being vigilant, Bido's deliberate conduct of avoidance was the primary cause of the delay and

that any prejudice arising from the passage of time was caused by his conduct.  State v. Bido, 56

A.3d 116-17.

     Four months later, the instant petition, which is Bido's second federal habeas petition,

was filed on April 12, 2013.  It contains the following claims:

1.  A substantive speedy trial claim (the same claim rejected when this Court dismissed
    his first federal habeas petition);

2.  An ineffective assistance of counsel claim based on the failure to assert the speedy
    trial claim (the claim deleted by Bido from his first federal habeas petition, and then
    rejected on the merits by the Rhode Island Supreme Court's denial of his state post-
    conviction relief petition);

3.  The claims challenging the denial of his request for a continuance (both of these
    claims were rejected by the Rhode Island Supreme Court on his direct appeal); and

4.  A claim challenging the denial of his motion to suppress his statement to the New
    York police (another of the claims rejected by the Rhode Island Supreme Court on his
    direct appeal).

The State has moved to dismiss the petition because it constitutes a "second or successive

petition," which Bido has not obtained circuit authorization to file, and because the petition is

untimely.  Bido has not filed a formal objection to the State's motion, but this Court deems the

State's motion to be opposed.

## II.     DISCUSSION

### A.  Second or Successive Petition

Section 2244(b)(2) of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") limits the ability of state prisoners to file multiple habeas petitions.  28 U.S.C. §

2244(b)(2).  It provides that any claim presented in a "second or successive habeas corpus

application under section 2254 that was not presented in a prior application shall be dismissed"

unless the petitioner can demonstrate either that the claim relies on a new rule of constitutional

law or that the claim relies on facts that the petitioner could not have discovered sufficient to

establish that no fact finder would have found him guilty.  Id.  These arguments must be

presented to the Court of Appeals: § 2244(b)(3) bars the district court from considering a second

petition in the absence of prior authorization from the Court of Appeals.  28 U.S.C. §

2244(b)(3)(A); Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999).  The requirement of prior

authorization is jurisdictional.  If it is missing, and the petition is "second or successive," this

Court must dismiss.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (per curiam); Gautier v.

Wall, 620 F.3d 58, 61 (1st Cir. 2010).

It is well settled that a petition that has been dismissed for failure to exhaust state

remedies or because of procedural deficits such as failure to pay the filing fee does not count in

determining whether a subsequent petition is a "second or successive petition."  28 U.S.C. §

2244(b)(1); Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) (petition filed after first petition

dismissed for failure to exhaust is not a "second or successive petition"); Benton v. Washington,

106 F.3d 162, 164 (7th Cir. 1996) (petition filed after a petition dismissed based on failure to pay

a filing fee is not a "second or successive petition").  Here, Bido's first petition was dismissed

because of his failure to preserve the speedy trial argument during his trial – the Rhode Island

raise-or-waive rule constitutes an adequate and independent state ground, which this Court held

precluded it from habeas review of the claim.  Bido v. Wall, C.A. 08-399-ML, slip op. at 10.  In

so holding, this Court specifically observed that such a disposition, based on a state procedural

default, does not determine the merits of Bido's claim.  Id. at 11 n.12.

The issue now is whether that determination on the first petition constituted a decision

"on the merits" such that this petition constitutes a "second or successive petition."  It does.  A

clear articulation why may be found in the Ninth Circuit's decision in Henderson v. Lampert,

396 F.3d 1049 (9th Cir. 2005), cert. denied, 546 U.S. 884 (2005).  Drawing on pre-AEDPA

decisions, Henderson holds that dismissal of a federal habeas petition on the ground of a state

procedural default is "a determination 'on the merits' for the purposes of the successive petition

doctrine."  Id. at 1053 (citing Howard v. Lewis, 905 F.2d 1318, 1323 (9th Cir. 1990)).  While a

federal court facing a state procedural default may not have determined the merits of the

underlying claim, it is still making a determination on the merits that the underlying claims will

not be considered by a federal court.  Id.  Accordingly, a petition filed after an initial petition is

dismissed because of a state procedural default is a "second or successive petition."  Id.  Other

federal courts facing the same issue have reached the same conclusion.  See. e.g., Leonetti v.

Williams, 499 Fed. App'x, 651, 652 (9th Cir. 2012); Graham v. Costello, 299 F.3d 129, 133 (2d

Cir. 2002); Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002).  No cases holding otherwise

were located.

The fact that Bido moved to have his unexhausted claims deleted from his first petition,

one of which (ineffective assistance of counsel in not raising the speedy trial issue) is now

exhausted by his post-conviction relief petition, does not alter the result.  Burton, 549 U.S. at 153

(those with unexhausted as well as exhausted claims may opt to proceed only with the exhausted

claims, but doing so risks subjecting later petitions to rigorous procedural obstacles).  His

decision to proceed on his first petition with the exhausted claim only, instead of dismissing the entire petition without prejudice while he pursued a state post-conviction petition, ended his right to file a successive petition in this Court except with leave from the Court of Appeals.  Gautier, 620 F.3d at 60-61 (AEDPA prohibits a second petition to pursue newly exhausted claims after petitioner elected to proceed to adjudication with exhausted claims on first petition).

Because Bido has not obtained the necessary authorization from the Court of Appeals, it cannot be ruled upon by this Court.  I recommend that the petition be dismissed for lack of subject matter jurisdiction.  Rodwell v. Pepe, 324 F.3d 66, 73 (1st Cir. 2003)

## B. Timeliness

Bido's second petition was filed over five years after his state court conviction became final (on April 7, 2008) for purposes of the running of the one-year statute of limitations in AEDPA.  28 U.S.C. § 2244(d)(1).  Therefore, it is also untimely.  While the statute of limitations might have tolled during the pendency of his post-conviction relief petition, the federal one-year limitation period had already run out when the state petition was filed on August 12, 2009.  Accordingly, it could not toll the already expired federal period.  See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (§ 2244(d)(2) does not reset the clock); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) ("Section 2244(d)(2) only 'stops, but does not reset, the clock from ticking . . . [and] cannot revive a time period that has already expired.'") (alterations in original).  Similarly, the filing of the first federal petition in 2008 did not toll the federal limitations period.  See Duncan v. Walker, 533 U.S. 167, 172 (2001) (properly filed federal habeas petition does not toll the running of the one-year limitations period).

Bido has shown no circumstances that would render his petition timely under any other provision of § 2244(d)(1), nor could he.  All of the claims in this petition have been available to him since the time of his first petition; indeed, three of them were set out in the first petition

7

before he asked this Court to permit him to delete two of them.  Accordingly, Bido's petition is time-barred and I recommend that it be dismissed pursuant to 28 U.S.C. § 2244(d)(1).

### C.  Merits

In view of the foregoing, this Court need not determine the merits of the claims asserted in Bido's petition.  Nevertheless, I note that all of these claims would likely fail.  Claim One, alleging the lack of a speedy trial, was previously rejected by this Court on his first petition. Claims One and Five (substantive speedy trial and the related ineffective assistance claim) were carefully considered by the Rhode Island Supreme Court in its decision on his post-conviction petition, which was not contrary to, or an unreasonable application of, federal law.  Claims Two, Three and Four (raising the denial of his motions for continuance and his motion to suppress his statement) were carefully considered by the Rhode Island Supreme Court in its affirmance of the trial court on direct appeal, also a decision that was not contrary to, or an unreasonable application of, federal law.  See 28 U.S.C. § 2254(d)(1).

### III.    CONCLUSION

For the foregoing reasons, I recommend that the State's Motion to Dismiss (ECF No. 5) be granted, that Bido's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1) be dismissed with prejudice and that the District Court enter final judgment in favor of the State.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 12, 2013